Filed 10/15/13  In re Romeo C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ROMEO C. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respodent,<br><br>v.<br><br>JOSE C.,<br><br>Defendant and Appellant. | F067470<br><br>(Super. Ct. Nos. JD128188, JD128189, JD128190)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Louie L. Vega , Judge.

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Kane, J. and Detjen, J.

Jose C. (father) appealed from orders terminating parental rights (Welf. & Inst. Code, § 366.26)[1] to his three sons, who range in age from approximately two to four years of age. After reviewing the entire record, father's court-appointed appellate counsel informed this court he had found no arguable issues to raise in this appeal. Counsel requested and this court granted leave for father to personally file a letter setting forth a good cause showing that an arguable issue of reversible error does exist. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Father has since written this court requesting a chance to regain custody of the children upon his release from prison sometime in 2014. However, he makes no claim, let alone a good cause showing, that an arguable issue of reversible error related to the termination orders does exist. We will dismiss this appeal.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal should be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) As mentioned above, father did not raise any claim of error or other defect against the termination orders from which he appealed. Thus, we have no reason to reverse or even modify the orders in question. (*Ibid.*)

At a section 366.26, permanency planning hearing, the court must determine whether it is likely the children will be adopted and, if so, order termination of parental rights. (§ 366.26, subd. (c)(1).) This is because, once reunification efforts have ceased, the focus shifts from family reunification to the children's needs for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the children are likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason for finding that termination of parental rights would be detrimental to the child.  (*In re Celine R.* (2003) 31 Cal.4th 45, 53.)  Here there was no showing of a compelling reason.

## DISPOSITION

The appeal is dismissed.